IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 2, 2015

**STATE OF TENNESSEE v. ALBERT TAYLOR**

**Appeal from the Criminal Court for Shelby County**
**Nos. 91-06144 & 91-07912     James M. Lammey, Jr., Judge**

———————————

**No. W2014-02446-CCA-R3-CD  -  Filed May 5, 2016**

———————————

The Appellant, Albert Taylor, appeals as of right from the Shelby County Criminal Court's summary denial of his Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence. On appeal, the Appellant argues that the trial court erred (1) by determining that, because his sentences had expired, he was not entitled to a motion hearing and (2) by treating his motion as a petition for habeas corpus relief. At first, the State conceded that the trial court erred. We originally determined that, even though the Appellant's sentences were expired, he had stated a colorable claim and was entitled to a hearing, and therefore, we reversed the judgment of the trial court and remanded the case for further proceedings consistent with Rule 36.1. The Tennessee Supreme Court granted the State's application for permission to appeal and remanded the case to this court for reconsideration in light of the supreme court's recent opinion in State v. Brown, 479 S.W.3d 200 (Tenn. 2015). After revisiting the issue, we conclude that the Appellant is not entitled to a hearing because his sentences have long ago expired. As such, we now affirm the trial court's denial of the Appellant's Rule 36.1 motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ., joined.

Albert Taylor, Memphis, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Ahmed A. Safeeullah, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Jessica Banti, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
FACTUAL BACKGROUND

On July 3, 2014, pursuant to Tennessee Rule of Criminal Procedure 36.1, the Appellant filed a motion to correct an illegal sentence that allegedly resulted from his guilty-pleaded convictions in case numbers 91-06144 and 91-07912.[1]   In case number 91-06144, a Shelby County grand jury returned a three-count indictment against the Appellant on June 20, 1991, charging him with the sale of cocaine, possession of cocaine with the intent to sell, and possession of cocaine with the intent to deliver (offense date March 20, 1991 on all counts).  On August 13, 1991, the Appellant was charged with aggravated burglary in case number 91-07912 (offense date May 1, 1991).  The Appellant entered guilty pleas in both cases on January 14, 1992.

He pled guilty in case number 91-06144 to sale of cocaine, and the remaining counts were dismissed.  Pursuant to the agreement, he was sentenced as an especially mitigated offender to 7.2 years at 20% for this conviction.  In case number 91-07912, he pled guilty as a Range I, standard offender to aggravated burglary and received a three-year sentence at 30%.  These two sentences ran concurrently with one another under the terms of the agreement.  Furthermore, it appears from the judgment forms that his probation for this effective 7.2-year sentence was revoked on August 26, 1996.

According to the Appellant's Rule 36.1 motion, he committed the offense in case number 91-07912 while he was on bond for the offenses in case number 91-06144 and subsequently pled guilty in both cases.  The Appellant alleged that the concurrent sentences in those cases were illegal, being in violation of Tennessee Code Annotated section 40-20-111(b) and Tennessee Rule of Criminal Procedure 32(c)(3)(C), which provide for mandatory consecutive sentences when a defendant commits an offense while released on bail.  The State filed a response, agreeing that the Appellant made a colorable claim and was entitled to a hearing and counsel under Tennessee Rule of Criminal Procedure 36.1.

On November 6, 2014, the trial court entered a written order summarily denying the Appellant's motion.  The trial court reasoned that the Appellant's sentences would have expired in 1999, fifteen years prior to the filing of the motion, and that the trial

---

[1]  Case numbers 00-126251 and 00-135116 were also cited and mentioned in the Appellant's motion. However, all that the Appellant did was "mention" them as "illegal sentences which came after serving time for the first two convictions" (i.e., cases 91-06144 and 91-07912).  The Appellant simply asked the trial court to "pleas[e] look into" those cases further, but these cases were not addressed in any way by the trial court's order denying the Appellant's motion.  The Appellant did not include these two case numbers in his notice of appeal and does not raise any issue in this regard in his appellate brief.  Accordingly, any issue about these two cases has been waived on appeal.  See Tenn. R. App. P. 27(a)(7)(A); see also Tenn. Ct. Crim. App. R. 10(b).

court, therefore, did not have jurisdiction to address any illegal sentence. The trial court opined that Rule 36.1 did not apply to expired sentences. The trial court further concluded that, because the Appellant's sentences were expired, he was "no longer a defendant" and that, pursuant to Rule 36.1, only "the defendant or the State" may seek to correct an illegal sentence. The trial court also stated that the general assembly had removed relief from persons who had received concurrent sentencing when a statute mandated consecutive sentencing, see Tennessee Code Annotated section 29-21-101(b)(1), and that the intent of Rule 36.1 was not to "undo that change" and "open all these cases to attack."

It is from this ruling that the Appellant appeals, contending that the trial court erred in summarily denying his motion. Specifically, he argues that his motion stated a colorable claim of an illegal sentence and that he should have been appointed counsel and given a hearing on the motion and, furthermore, that the trial court erred by treating his motion as a petition for habeas corpus relief. The State initially conceded that the trial court erred in summarily denying the motion and agreed that a remand for a hearing and the appointment of counsel was necessary pursuant to the Rule. We concurred and reversed the trial court's denial and remanded the case for further proceedings consistent with Rule 36.1. See State v. Albert Taylor, No. W2014-02446-CCA-R3-CD, --- WL --- (Tenn. Crim. App. Oct. 13, 2015), perm. app. filed (Tenn. Dec. 15, 2015).

The Tennessee Supreme Court then issued its ruling in State v. Brown, 479 S.W.3d 200 (Tenn. 2015), therein resolving a conflict that existed among panels of this court as to whether Rule 36.1 permits a defendant to seek correction of expired illegal sentences. The State thereafter filed permission to appeal from this court's decision, now seeking reversal of our decision and affirmance of the trial court's denial in accordance with the holding in Brown. Our supreme court granted the State's application and remanded the matter to us for reconsideration in light of the recent Brown ruling. State v. Albert Taylor, No.W2014-02446-SC-R11-CD (Tenn. Mar. 23, 2016) (order). The case is again before us for our review.

ANALYSIS

The Tennessee Rules of Criminal Procedure were amended effective July 1, 2013, with the addition of Rule 36.1, which provides as follows:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

-3-

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

A Rule 36.1 motion provides defendants with a remedy separate and distinct from habeas corpus or post-conviction proceedings. See State v. Jonathan T. Deal, No. E2013-02623-CCA-R3-CD, 2014 WL 2802910, at *2 (Tenn. Crim. App. June 17, 2014).

"On its face, Rule 36.1 does not limit the time within which a person seeking relief must file a motion, nor does it require the person seeking relief to be restrained of liberty." State v. Donald Terrell, No. W2014-00340-CCA-R3-CO, 2014 WL 6883706, at *2 (Tenn. Crim. App. Dec. 8, 2014). The language contained within Rule 36.1 "at any time, even if the sentence has become final" has come under different interpretations by this court as to when a claim can be brought pursuant to the Rule. Compare State v. Sean Blake, No. W2014-00856-CCA-R3-CO, 2015 WL 112801 (Tenn. Crim. App. Jan. 8, 2015); State v. Jerome Wall, No. W2014-00782-CCA-R3-CO, 2014 WL 7332113 (Tenn. Crim. App. Dec. 23, 2014); Terrell, 2014 WL 6883706; State v. Omar Robinson, No. E2014-00393-CCA-R3-CD, 2014 WL 53932401 (Tenn. Crim. App. Oct. 22, 2014); Deal, 2014 WL 2802910; David Frazier v. State, No. E2013-02563-CCA-R3-CD, 2014 WL 2743243 (Tenn. Crim. App. June 16, 2014); Cumecus R. Cates v. State, No. E2014-00011-CCA-R3-CD, 2014 WL 4104556 (Tenn. Crim. App. Aug. 20, 2014); State v. David Morrow, No. W2014-00338-CCA-R3-CO, 2014 WL 3954071 (Tenn. Crim. App. Aug. 13, 2014); Marcus Deangelo Lee v. State, No. W2013-01088-CCA-R3-CO, 2014 WL 902450 (Tenn. Crim. App. Mar. 7, 2014); with State v. John Talley, No. E2014-01313-CCA-R3-CD, 2014 WL 7366257, at *3 (Tenn. Crim. App. Dec. 26, 2014); State v. James D. Wooden, No. E2014-01069-CCA-R3-CD, 2014 WL 7366984, at *2 (Tenn. Crim. App. Dec. 26, 2014), perm. app. granted (Tenn. May 15, 2015); State v. Adrian R. Brown, No. E2014-00673-CCA-R3-CD, 2014 WL 5483011, at *6 (Tenn. Crim. App. Oct. 29, 2014), perm. app. granted (Tenn. May 15, 2015).

Rule 36.1 provides that either the defendant or the state may "seek the correction of an illegal sentence." Tenn. R. Crim. P. 36.1(a). An illegal sentence is defined as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R.Crim. P. 36.1(a). "[A] sentence ordered to be served concurrently where statutorily required to be served consecutively" is an illegal sentence. Davis v. State, 313 S.W.3d 751, 759 (Tenn. 2010). However, Rule 36.1 provides for appointment

of counsel for indigent defendants and a hearing if the motion "states a colorable claim." Tenn. R. Crim. P. 36.1(b). A colorable claim is "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1" State v. Wooden, 478 S.W.3d 585, 593 (Tenn. 2015).

"[W]hen determining whether a Rule 36.1 motion sufficiently states a colorable claim, a trial court may consult the record of the proceeding from which the allegedly illegal sentence emanated." Id. at 594. The recent case, State v. Brown, authored by our supreme court, addressed "whether Rule 36.1 expands the scope of relief available . . . by permitting either the defendant or the State to correct expired illegal sentences." 479 S.W.3d at 205. Our supreme court held that "Rule 36.1 . . . does not authorize the correction of expired illegal sentences[,]" and a motion may be dismissed "for failure to state a colorable claim if the alleged illegal sentence has expired." Id. at 211. Additionally, the court noted that while the collateral consequences of a challenged conviction "may prevent a case from becoming moot in the traditional sense of the mootness doctrine, . . . Rule 36.1 is not an appropriate avenue for seeking relief from collateral consequences." Id. at n.12.

In the case under submission, the uncontroverted evidence presented at the hearing on the motion was that the Appellant's sentences have long ago expired. In accordance with our supreme court's recent interpretation in Brown, we conclude that Rule 36.1 is not an appropriate avenue for the Appellant's seeking relief and affirm the trial court's dismissal of the Appellant's Rule 36.1 motion.

### CONCLUSION

In accordance with the foregoing reasoning and authorities, we affirm the trial court's judgment.

_____
D. KELLY THOMAS, JR., JUDGE